UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re                                            Chapter 7

NASEEM AKHTAR,                                    Case No. 04-21354-ess

                    Debtor.

----------------------------------------------------------------x

YASH RAJ FILMS (USA), INC.,

                    Plaintiff,                    Adv. Pro. No. 04-1524-ess

        -against-

NASEEM AKHTAR,

                    Defendant.

----------------------------------------------------------------x

MEMORANDUM DECISION ON CROSS MOTIONS
FOR SUMMARY JUDGMENT

Appearances:

Asim R. Shaikh, Esq.                    John W. Reeves, Esq.
Poppe & Bhouraskar, LLP                 Law Office of Shakeel H. Kazmi
Attorneys for Yash Raj                  Attorneys for Naseem Akhtar
  Films (USA), Inc.                     70-32 Broadway
350 Fifth Avenue, Suite 7315            Jackson Heights, NY 11372
New York, NY 10118

**ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

Yash Raj Films (USA), Inc. ("Yash Raj"), the plaintiff in this adversary proceeding (the "Adversary Proceeding"), moves for summary judgment (the "Summary Judgment Motion") on its complaint (the "Complaint") against Naseem Akhtar, the debtor in this Chapter 7 case (the "Debtor").  Yash Raj seeks a determination that the debt arising out of a judgment entered in a federal copyright infringement action against the Debtor, *Yash Raj Films (USA) Inc. v. Bobby Music Co. & Sporting Goods Inc.*, No. 01-CV-8378 (JFB) (CLP) (the "Copyright Action"), is nondischargeable under Section 523(a)(6) of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtor opposes the Motion for Summary Judgment and moves for summary judgment in his favor (the "Cross Motion for Summary Judgment").

The matter came before the Court at hearings on January 23, 2007, and February 6, 2007, at which counsel for Yash Raj and counsel for the Debtor appeared and were heard.  After consideration of the submissions, the arguments of counsel, and the record before the Court, for the reasons set forth below, Yash Raj's Summary Judgment Motion is granted and the Debtor's Cross Motion for Summary Judgment is denied.

### Jurisdiction

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(I).  The following constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Background

Yash Raj is a New York corporation that is engaged in the manufacturing, reproduction, importing, marketing, and sale of Indian films for viewing in theaters and on VHS cassette and

DVD.  Declaration of Asim Shaikh in Support of Plaintiff's Motion for Summary Judgment

dated December 18, 2006 ("Shaikh Decl.") ¶ 4.  Yash Raj owns the copyrights and exclusive

distribution rights to its motion pictures in the United States and Canada.  Shaikh Decl. ¶ 5.  The

Debtor was the sole owner of Bobby Music Co. & Sporting Goods, Inc. ("Bobby Music"), a

New York corporation that was engaged in the retail distribution of, among other items, VHS

cassettes and DVDs from January 2001 until April 2004.  Cross Motion for Summary Judgment

at 1.  *See also* Copyright Summary Judgment Order at *1.

On December 17, 2001, Yash Raj filed a copyright infringement action in the United

States District Court for the Eastern District of New York against Bobby Music and the Debtor

under Sections 106 and 501 of Title 17 of the United States Code (the "Copyright Act").  *Yash*

*Raj Films (USA), Inc. v. Bobby Music Co. & Sporting Goods, Inc.*, No. 01-CV-8378.[1]  That same

day, the District Court issued an order of seizure (the "Order of Seizure") authorizing Yash Raj

to enter Bobby Music with the assistance of the United States Marshals to seize unauthorized

copies of Yash Raj films.  Copyright Action Docket, Entry 2.  The District Court also issued an

Order to Show Cause directing the Debtor to appear at a hearing on January 7, 2002, to show

cause why the court should not enter a preliminary injunction enjoining the Debtor and Bobby

Music from distributing unauthorized copies of Yash Raj films.  Copyright Action Docket, Entry

2.

On December 19, 2001, Yash Raj executed the Order of Seizure at Bobby Music and

recovered sixty-four VHS cassettes and twenty-nine DVDs containing unauthorized copies of

---

[1]  The procedural history of the Copyright Action is set forth in *Yash Raj Films (USA), Inc. v. Bobby Music Co. & Sporting Goods, Inc.*, 2006 WL 2792756, at *3-*5 (E.D.N.Y. Sept. 27, 2006) (the "Contempt Order").

Yash Raj films (the "December 2001 Raid"). Contempt Order at *3. On January 7, 2002, the

Debtor did not appear at the Order to Show Cause Hearing, and the District Court issued a

preliminary injunction (the "Preliminary Injunction") enjoining the Debtor from:

> reproducing, displaying, copying, compiling, and distributing unauthorized copies
> of motion pictures in which Plaintiff holds the copyrights and exclusive rights
> under copyright or otherwise infringing Plaintiff's copyrights in any manner
> whatsoever and in any form, and from assisting, conspiring or authorizing any
> third person or party to reproduce, display, copy, compile and distribute
> unauthorized copies of motion pictures in which Plaintiff holds the copyrights or
> exclusive rights under the copyright, or otherwise infringe Plaintiff's copyrights
> in any manner whatsoever and in any form . . . .

Copyright Action Docket, Entry 4. On January 24, 2002, Yash Raj served the Debtor with the

Preliminary Injunction. Shaikh Decl. ¶ 10(f).

On November 16, 2002, the New York City Police Department seized numerous VHS

cassettes and DVDs during a raid at Bobby Music (the "November 2002 Raid"), including

unauthorized copies of eleven Yash Raj titles. Contempt Order at *3, *5.

On March 31, 2004, Yash Raj moved for an order of contempt under 18 U.S.C. § 401

(the "Contempt Motion"). Copyright Action Docket, Entry 93. Section 401 provides:

> A court of the United States shall have power to punish by fine or imprisonment,
> or both, at its discretion, such contempt of its authority, and none other, as – . . .
> (3) Disobedience or resistence to its lawful writ, process, order, rule, decree, or
> command.

18 U.S.C. § 401. Yash Raj sought the equivalent of the statutory damages available under

Sections 504(c)(1) and (2) of the Copyright Act and attorneys' fees for violations of the

Preliminary Injunction in lieu of actual damages. Contempt Order at *11. Yash Raj argued that

it was entitled to an award equal to the maximum amount of statutory damages available under

the Copyright Act because the Debtor had willfully violated the District Court's order. *Id.*

On August 5, 2004, the Debtor filed a Chapter 7 petition commencing this bankruptcy case.  Bankruptcy Case Docket, Entry 1.  On November 12, 2004, Yash Raj commenced this Adversary Proceeding, in which it seeks an order under Section 523(a)(6) determining "that Plaintiff's claims by virtue of [the Debtor's] willful, intentional and malicious infringements of Plaintiff's copyrights are nondischargeable."  Complaint ¶ A.  On April 1, 2005, Yash Raj filed a Motion for Relief from the Automatic Stay, which was granted by this Court by order entered on July 8, 2005, allowing the Copyright Action to proceed.  Bankruptcy Case Docket, Entries 12, 19, 24.

On April 28, 2006, Magistrate Judge Cheryl Pollak held a hearing on the Contempt Motion, at which counsel for Yash Raj and counsel for the Copyright Action defendants, including the Debtor, appeared and were heard.  Contempt Order at *2.  Jawahar Sharma, Yash Raj's Head of Operations for North America, testified that many of the unauthorized copies of Yash Raj films seized in the November 2002 Raid were the same titles and bore similar characteristics to those seized from Bobby Music in the December 2001 Raid.  Contempt Order at *4, *8.

On July 5, 2006, Judge Pollak issued a report and recommendation (the "Report and Recommendation") recommending that the Contempt Motion be granted.  Contempt Order at *1. Judge Pollak found that the Debtor's violation of the Preliminary Injunction warranted a finding of contempt because the Preliminary Injunction was "'clear and unambiguous,'" the proof of non-compliance was "'clear and convincing,'" and the Debtor was "not 'reasonably diligent and energetic in attempting to accomplish what was ordered.'"  Contempt Order at *6, *11 (internal citations omitted).

4

As to damages, Judge Pollak found that the Debtor was "fully aware of the Preliminary Injunction against, *inter alia*, 'displaying . . . and distributing unauthorized copies of motion pictures in which the Plaintiff holds the copyrights and exclusive rights under copyright or otherwise infringing Plaintiff's copyrights in any manner whatsoever and in any form . . . .'" Contempt Order at *14. Judge Pollak also found that since the police seized copies of eleven different films that were "easily recognizable" as unauthorized during the November 2002 Raid, the Debtor had "willfully violated the Preliminary Injunction issued by the district court on January 7, 2002." *Id.* Judge Pollak recommended that the Yash Raj be awarded an amount equal to the maximum available statutory damages in the amount of $330,000, comprised of $30,000 for each of the eleven counterfeit Yash Raj titles seized at the November 2002 Raid. *Id.* Judge Pollak also found that Yash Raj should be awarded reasonable attorneys' fees and costs. Contempt Order at *15.

The Debtor objected to the Report and Recommendation. Contempt Order at *1. On September 5, 2006, District Judge Joseph Bianco held a hearing on those objections, at which counsel for Yash Raj and counsel for the Debtor appeared and were heard. *Id.* On September 27, 2006, Judge Bianco entered an order finding the Debtor's objections to be without merit and adopting the Report and Recommendation in full. Contempt Order at *2.

On April 21, 2006, Yash Raj made a motion for summary judgment in the Copyright Action. *Yash Raj Films (USA), Inc. v. Bobby Music Co. & Sporting Goods, Inc.*, No. 01-CV-8378, 2006 WL 2853874, at *2 (E.D.N.Y. Sept. 29, 2006) (the "Copyright Summary Judgment Order"). On May 26, 2006, the Debtor made a cross motion for summary judgment. *Id.* On September 29, 2006, Judge Bianco granted summary judgment in favor of Yash Raj and denied

the Debtor's cross motion for summary judgment.  Copyright Summary Judgment Order at *5.

The District Court also permanently enjoined the Debtor from infringing Yash Raj's copyrights

in any manner or form.  *Id.*

On December 22, 2006, Yash Raj filed this Summary Judgment Motion along with a

Declaration of Yash Raj's counsel and a Memorandum of Law in support.  Adversary Docket,

Entry 20.  Yash Raj argues that the issue of whether its claim arises out of a "willful and

malicious injury by the [D]ebtor" was fully litigated before the District Court in the Copyright

Action.  Shaikh Decl. ¶ 21.  Yash Raj also argues that collateral estoppel applies and that there

are no material facts at issue.  Shaikh Decl. ¶¶ 22, 23.  For these reasons, Yash Raj argues that it

is entitled to summary judgment as a matter of law on its nondischargeability claim under

Section 523(a)(6).  Shaikh Decl. ¶ 23.

On January 16, 2007, the Debtor responded and made a Cross Motion for Summary

Judgment.  Cross Motion for Summary Judgment at 4.  The Debtor argues that the Contempt

Order and the Summary Judgment Order do not establish that he acted willfully and maliciously

for purposes of Section 523(a)(6).  *Id.*  The Debtor requests that this Court issue summary

judgment in his favor.  *Id.*

## Discussion

A.    <u>The Standard for Summary Judgment</u>

Under Federal Rule of Civil Procedure 56(c), made applicable to this Adversary

Proceeding by Bankruptcy Rule 7056, summary judgment is appropriate when "'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is

6

entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)

(quoting FED. R. CIV. P. 56(c)). *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48

(1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). "A fact

is material only if it affects the result of the proceeding and a fact is in dispute only when the

opposing party submits evidence such that a trial would be required to resolve the differences."

*Hassett v. Altai, Inc. (In re CIS Corp.)*, 214 B.R. 108, 118 (Bankr. S.D.N.Y. 1997).

The moving party has the burden of demonstrating the absence of any genuine issue of

material fact, and all of the inferences to be drawn from the underlying facts must be viewed by

the Court in the light most favorable to the party opposing the motion. *See Anderson*, 477 U.S.

at 249, 255; *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003). To defeat a motion

for summary judgment, the nonmoving party "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Rather, it must

present "significant probative evidence" that a genuine issue of fact exists. *Anderson*, 477 U.S.

at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party," there is no genuine issue of fact for trial and summary judgment is

appropriate. *Matsushita*, 475 U.S. at 587. *See McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir.

2006).

B.     The Summary Judgment Motions

Yash Raj seeks summary judgment on its claim that the debt arising out of the Copyright

Action should be excepted from discharge under Section 523(a)(6) of the Bankruptcy Code.

Under this section, a debt "for willful and malicious injury by the debtor to another entity or to

the property of another entity" is nondischargeable. 11 U.S.C. § 523(a)(6). Yash Raj argues that

the District Court has already determined in the Copyright Action that the Debtor's "continuing violations of [the] Plaintiff's copyrights were executed with the requisite willfulness and malice necessary to have this Court declare the resultant debts nondischargeable in Bankruptcy." Shaikh Decl. ¶ 7. Yash Raj asserts that collateral estoppel applies and that because there is no genuine issue of material fact, it is entitled to a judgment as a matter of law that the damages awarded against the Debtor in the Contempt Order are nondischargeable. Shaikh Decl. ¶ 23.

The Debtor opposes the Summary Judgment Motion and seeks summary judgment in his favor. Cross Motion for Summary Judgment at 4. The Debtor argues that although the District Court found that he willfully violated the Preliminary Injunction, the Contempt Order and the Copyright Summary Judgment Order do not establish that he acted willfully and maliciously toward Yash Raj. *Id.* The Debtor states that the District Court did not "suggest that the Debtor had manufactured or was the person causing and directing the infringing acts," but rather found that he failed "adequately [to] supervise his workers and inspect the inventory for pirated products." *Id.*

C.    Establishing Nondischargeability Under Section 523(a)(6)

Section 523 of the Bankruptcy Code provides:

(a)    A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
. . .
(6)    for willful and malicious injury by the debtor to another entity or to the property of another entity;

11 U.S.C. § 523(a)(6). Courts construe exceptions to discharge narrowly, and in favor of the debtor. *Cazenovia College v. Renshaw (In re Renshaw)*, 222 F.3d 82, 86 (2d Cir. 2000). *See* 4 COLLIER ON BANKRUPTCY ¶ 523.05 (15th ed. rev. 2006) ("the statute should be strictly construed

against the objecting creditor and liberally in favor of the debtor"). This rule of construction gives effect to the bankruptcy goal of providing honest debtors with a "new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *In re Renshaw*, 222 F.3d at 86. *See Empire Bonding Agency v. Lopes (In re Lopes)*, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (discharge exceptions "are to be narrowly construed in favor of a debtor, . . . , to effectuate the fresh start purposes of the bankruptcy laws, because '[p]ublic policy favors the discharge of the honest debtor . . .'") (internal citations omitted).

In seeking an exception to discharge, the creditor bears the burden of proof by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). To succeed on a nondischargeability claim under Section 523(a)(6), a creditor must satisfy two elements. First, the creditor must establish that the debtor acted willfully in committing the injury. Second, the creditor must establish that the debtor acted maliciously in committing the injury. *See generally* 4 COLLIER ON BANKRUPTCY ¶ 523.12[2] (15th ed. rev. 2006) (in order for a debt "[t]o fall within the exception of section 523(a)(6), the injury to an entity or property must have been willful and malicious").

"Willfulness" and "malice" are distinct elements of Section 523(a)(6). *Collora v. Leahy (In re Leahy)*, 170 B.R. 10, 15 (Bankr. D. Me. 1994). *See also* 4 COLLIER ON BANKRUPTCY ¶ 523.12[2] (15th ed. rev. 2006). "Willfulness" and "malice" cannot be "lumped together to create an amorphous standard to prevent discharge for any conduct that may be judicially considered to be deplorable." *Barclays American/Business Credit v. Long (In re Long)*, 774 F.2d 875, 881 (8th Cir 1985). *See also Rupert v. Krautheimer (In re Krautheimer)*, 210 B.R. 37, 48 (Bankr. S.D.N.Y. 1997). Accordingly, this Court shall analyze these elements in turn.

## *Whether Yash Raj Has Established Willfulness*

The first element that the Court must address is whether the Debtor's injurious actions were "willful." The term "willful" as used in Section 523(a)(6) means "deliberate or intentional." S. REP. NO. 95-989 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5865; H.R. REP. NO. 95-595 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6320. *See* BLACK'S LAW DICTIONARY 1630 (8th ed. 2004) (defining "willful" as "voluntary and intentional, but not necessarily malicious"). *See also Kawaauhau v. Geiger*, 523 U.S. 57, 61 n.3 (1998). A willful injury requires "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau*, 523 U.S. at 61 (holding that injuries arising from negligent or reckless conduct do not meet the Section 523(a)(6) standard of "willful and malicious injury").

The willfulness element may be satisfied if the debtor had actual knowledge that he or she was violating the law and the intent to bring about injury. For example, in *Yash Raj Films (USA) v. Ahmed (In re Ahmed)*, 359 B.R. 34 (Bankr. E.D.N.Y. 2005), the plaintiffs argued that an award of enhanced statutory damages for copyright infringement was nondischargeable under Section 523(a)(6). The bankruptcy court found:

> [Section 523(a)(6)'s "willfulness" requirement is satisfied] because the debtor had actual knowledge that he was violating the Copyright Act, and continued to do so despite the warnings, demonstrating not only an intent to commit the intentional act of selling the DVDs, but also an intent to inflict injury. The debtor knew that the injury was avoidable or substantially certain to occur because of his conduct.

*In re Ahmed*, 359 B.R. at 41.

The bankruptcy court noted that in awarding enhanced statutory damages, the district court found that the defendant engaged in willful copyright infringement by selling DVDs on an internet auction site with actual or constructive knowledge that they were unauthorized copies of

the plaintiff's copyrighted material, and held that the issue of willfulness in the dischargeability action was identical to the issues resolved by the district court in the copyright action. *In re Ahmed*, 359 B.R. at 41-42. The bankruptcy court concluded that the debtor was collaterally estopped from relitigating those issues. *Id.*

Yash Raj argues that the willfulness element of its Section 523(a)(6) claim is established by operation of collateral estoppel because the district court necessarily addressed and resolved the same issue in the Copyright Action. Shaikh Decl. ¶ 23. Collateral estoppel establishes the preclusive effect of a prior judgment and prevents the relitigation of issues already decided by courts of competent jurisdiction. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326-27 (1979); *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006).

The Debtor responds by arguing that the District Court did not find that the Debtor "actually meant any deliberate or intentional harm to the Plaintiff or even had substantial certainty that his business would harm the Plaintiff" and that even if he did "possess items for sale protected under the Copyright Law, such possession for sale does not give rise to willfulness . . . ." Cross Motion for Summary Judgment at 3.

The requirements for collateral estoppel, as stated by the Second Circuit Court of Appeals, are:

> "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."

*Ball*, 451 F.3d at 69 (quoting *Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003)). Collateral estoppel applies in dischargeability actions and may be invoked "to preclude relitigation of the elements necessary to meet a § 523 exception." *Ball*, 451 F.3d at 69 (citing *Grogan*, 498 U.S. at

285 n.11).  The court must determine whether "the issues presented by this litigation are in substance the same as those resolved in [prior litigation]; whether controlling facts or legal principles have changed significantly since the [prior litigation]; and finally, whether special circumstances warrant exception to the normal rules of preclusion."  *Montana v. United States*, 440 U.S. 147, 155 (1979).  *See also ITT Corp. v. United States*, 963 F.2d 561, 564 (2d Cir. 1992); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 284 (S.D.N.Y. 1996).

Here, three "essential elements" were necessary to the District Court's finding of civil contempt for violation of the Preliminary Injunction.  Contempt Order at *6.  These were that the order that the Debtor violated was "clear and unambiguous"; that the proof of non-compliance was "clear and convincing"; and that the Debtor was not "reasonably diligent and energetic in attempting to accomplish what was ordered."  *Id.*  The District Court found that each of these elements was satisfied, and held the Debtor in civil contempt.  Contempt Order at *2, *11.

The District Court also considered the nature and extent of the damages.  The court observed that "[c]ourts in the Second Circuit have determined awards for compensatory damages in the context of an order for civil contempt using proxies for actual damages, where the actual damages were difficult to determine."  Contempt Order at *11.  Yash Raj argued, and the District Court agreed, that statutory damages for copyright violations provided "the relevant measure of damages in the context of this motion for contempt."  Contempt Order at *12.

A plaintiff in a copyright infringement action may seek compensatory damages including actual damages, attorneys' fees, and costs.  *See Chere Amie, Inc. v. Windstar Apparel, Corp.*, 175 F. Supp. 2d 562, 565 (S.D.N.Y. 2001) ("[t]he purpose of civil contempt is coercive and

compensatory rather than punitive"; contempt damages should "compensate the injured party for losses resulting from the contemptuous conduct").

Alternatively, a plaintiff may seek statutory damages under Section 504(c)(1) of the Copyright Act.  This section provides:

> . . . the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which one infringer is liable individually or for which any two or more infringers are liable jointly and severally, in the sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1).  *See Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1380 (2d Cir. 1993).  That is, a plaintiff may seek up to $30,000 in statutory damages in respect of each infringed work.

If statutory damages are inadequate, a plaintiff may also seek enhanced statutory damages under Section 504(c)(2) of the Copyright Act.  This section provides:

> In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.  In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.

17 U.S.C. § 504(c)(2).  *See Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 262-63 (2d Cir. 2005).

Yash Raj asked the District Court to award $330,000 in contempt damages, on grounds that the Debtor's violation of the Preliminary Injunction was willful.  Contempt Order at *11. Yash Raj noted that the Debtor and Bobby Music were also defendants in *Archlightz and Films Pvt. Ltd. v. Vijay*, No. 01 CV 7643 (DEW) (SMG) (the "Archlightz Action"), a similar copyright

13

infringement action brought by a different film company. Contempt Order at *13. In the

Archlightz Action, on December 3, 2001, the District Court entered a preliminary injunction

enjoining Bobby Music from infringing Archlightz's copyrights (the "Archlightz Preliminary

Injunction"). *Id.*

The District Court found that the Debtor was aware of both the Preliminary Injunction in

the Yash Raj matter and the Archlightz Preliminary Injunction and willfully violated the court's

orders. Contempt Order at *13-*14. As the court stated, "the plaintiff has established that

defendants willfully violated the Preliminary Injunction . . . ." Contempt Order at *14. The

District Court found:

> many of the seized videocassettes and DVDs [were] easily recognizable as
> counterfeit, even in the absence of any specialized knowledge or training in film
> marketing. These titles would have been readily noticeable by the employees
> conducting Bobby Music's day-to-day operations; their continued possession
> evidences the willfulness of [the Debtor's and Bobby Music's] violation.

*Id.*

The District Court awarded contempt damages corresponding to the maximum Section

504(c)(1) statutory damages of $30,000 for each of the eleven titles seized in the November 2002

Raid, for a total damages award of $330,000. *Id.* The District Court observed:

> the baseline statutory damage award of $30,000 per violation, when multiplied by
> the defendant's eleven violations, results in a greater amount ($330,000) than that
> to which the Court may discretionarily increase the total award in the case of a
> willful violation ($150,000).

*Id.*

Based on the entire record, the Court concludes that Yash Raj has demonstrated that each

of the elements of collateral estoppel is satisfied with respect to the element of willfulness under

Section 523(a)(6). First, the identical issue of willfulness was raised in a previous proceeding,

the Copyright Action.  Second, the issue of willfulness was actually litigated and decided in the

Copyright Action.  Third, the parties had a full and fair opportunity to litigate the issue of

willfulness in the Copyright Action.  And finally, the District Court's finding of willfulness was

necessary to support its valid and final judgment that the Debtor was in contempt of the

Preliminary Injunction and that contempt damages corresponding to the maximum statutory

damages under the Copyright Act should be awarded.  *See Ball*, 451 F.3d at 69.  For these

reasons, Yash Raj has established the willfulness element of its Section 523(a)(6) claim.

### *Whether Yash Raj Has Established Malice*

The next element that the Court must address is whether the Debtor acted with "malice."

As used in Section 523(a)(6), a malicious injury is an injury that is "'wrongful and without just

cause or excuse, even in the absence of personal hatred, spite, or ill-will.'"  *Ball*, 451 F.3d at 69

(quoting *Navistar Fin. Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84, 87 (2d Cir. 1996)).  *See*

BLACK'S LAW DICTIONARY 976 (8th ed. 2004) (defining "malice" as "the intent, without

justification or excuse, to commit a wrongful act").

Malice may be actual or constructive, and may be found where a debtor breaches a

statutory duty "'willfully in the sense of acting with deliberate intent, in circumstances where it

is evident that the conduct will cause injury to the plaintiff and under some aggravating

circumstance to warrant the denial of discharge.'"  *Voyatzoglou v. Hambley (In re Hambley)*, 329

B.R. 382, 402 (Bankr. E.D.N.Y. 2005) (quoting *Bundy American Corp. v. Blankfort (In re

Blankfort)*, 217 B.R. 138, 144 (Bankr. S.D.N.Y. 1998)).

Malice does not require a manifestation of personal animus or intent to do harm.  For

example, in *Bundy American Corp. v. Blankfort (In re Blankfort)*, 217 B.R. 138 (Bankr.

15

S.D.N.Y. 1998), the debtor's franchise agreement to operate a "RENT-A-WRECK" motor vehicle rental franchise was terminated, but she continued to operate the business. *In re Blankfort*, 217 B.R. at 140. Bundy American Corp. ("Bundy") brought a trademark action in district court and obtained an injunction against the debtor's use of its trade and service marks and logo, but the debtor did not desist. *Id.* The district court awarded contempt damages against the debtor for her "blatant and willful violation" of its orders. *In re Blankfort*, 217 B.R. at 141. Bundy then sought a determination that the contempt damages were nondischargeable under Section 523(a)(6) in the debtor's bankruptcy case. *In re Blankfort*, 217 B.R. at 140.

The bankruptcy court surveyed the law in the Second Circuit and elsewhere, and observed:

> The issue . . . is whether conduct can be found to be "malicious" within the meaning of [Section 523(a)(6)] in the absence of proof that the debtor acted with genuine malevolence demonstrating an actual intent to inflict harm on the party injured, sometimes referred to as "Biblical malice." The majority of the reported decisions, and the cases in the Second Circuit, hold that the party seeking to avoid discharge under section 523(a)(6) need not establish actual malevolence in the sense of an intent to inflict injury.

*In re Blankfort*, 217 B.R. at 143.

The bankruptcy court further found that the malice element of Section 523(a)(6) may be satisfied by proof that the debtor willfully violated a court order. The court stated:

> *The District Court finding of "blatant and willful" contempt of court orders by the . . . Debtor, which is binding upon this Court under the doctrine of collateral estoppel, constitutes the type of aggravated misconduct which warrants an imputation of malice within the meaning of section 523(a)(6).* A person who persists unabated in unlawful conduct, after the entry of a court order specifically and unambiguously enjoining such conduct . . . cannot be characterized as the "honest but unfortunate" debtor whom Congress intended to favor with the extraordinary relief of a discharge in bankruptcy.

*In re Blankfort*, 217 B.R. at 146 (emphasis added).

16

This is so even if the claim giving rise to the court order does not itself require a showing of malice. As the bankruptcy court found in *In re Ahmed*, if a "finding that the debtor deliberately disregarded warnings was necessary to the District Court's judgment [awarding enhanced statutory damages], the subsumed finding of malice may be given preclusive effect." *In re Ahmed*, 359 B.R. at 43. *Cf.* Contempt Order at *13 ("In determining whether a defendant has acted willfully for purposes of [Section 504(c)(2)], courts have held that there is no need to find that the infringer acted maliciously.").

Malice may also be implied from "'the acts and conduct of the debtor in the context of [the] surrounding circumstances.'" *In re Ahmed*, 359 B.R. at 42 (quoting *In re Stelluti*, 94 F.3d at 88). That is, a court may find malice "'when anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another.'" *In re Hambley*, 329 B.R. at 402 (quoting *United Orient Bank v. Green*, 215 B.R. 916, 928 (S.D.N.Y. 1997)).

Yash Raj argues that the malice element of its Section 523(a)(6) claim, like the willfulness element, is established by operation of collateral estoppel because the District Court necessarily decided the same issue in the Copyright Action. Shaikh Decl. ¶ 23. Yash Raj asserts that the District Court determined that the Debtor acted wrongfully and without just cause or excuse when it concluded that he willfully violated the Preliminary Injunction and awarded contempt damages for those violations. *Id*.

The Debtor responds that collateral estoppel does not apply to the malice element because the District Court determined only that he "should have known or should have been more diligent in the supervision of his store manager to avoid distributing Yash Raj's

17

copyrighted materials." Cross Motion for Summary Judgment at 3. The Debtor asserts that he

delegated the management of Bobby Music to an employee, and did not cause or direct the

infringing acts. *Id*. As a result, the Debtor argues that he is vicariously liable for Bobby Music's

copyright infringement, but is not accountable for a malicious injury. *Id*.

> As described above, the requirements for collateral estoppel are:
>
> "(1) the identical issue was raised in a previous proceeding; (2) the issue was
> actually litigated and decided in the previous proceeding; (3) the party had a full
> and fair opportunity to litigate the issue; and (4) the resolution of the issue was
> necessary to support a valid and final judgment on the merits."

*Ball*, 451 F.3d at 69 (quoting *Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003)). *See* p. 11,

*supra.*

The Contempt Order makes plain that the District Court gave careful consideration to

whether the Debtor's conduct was "'wrongful'" and "'without just cause or excuse.'" *Ball*, 451

F.3d at 69 (quoting *In re Stelluti*, 94 F.3d at 87). As the District Court observed, "[s]ince a

contempt order is a 'potent weapon,' courts should be cautious in imposing this sanction if 'there

is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'" Contempt Order at

*7 (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)).

The District Court reviewed the ways in which the Debtor's conduct warranted an award

of contempt damages corresponding to the greatest amount of enhanced statutory damages

available under the Copyright Act. Contempt Order at *14. The District Court found that "the

uncontradicted evidence presented by plaintiff indicates that Bobby Music was on notice of the

Order of Preliminary Injunction" and that "[n]evertheless, the copies of eleven films obtained

during the November 2002 police seizure indicate that Bobby Music continued to stock and

display concededly counterfeit titles." *Id*. The District Court also found "many of the seized

18

videocasettes and DVDs to be easily recognizable as counterfeit, even in the absence of any

specialized knowledge or training in film marketing." *Id*.

And the District Court awarded damages of $330,000, corresponding to the maximum

statutory damages available under Section 504(c)(1). Contempt Order at *14. The imposition of

the maximum statutory damages necessarily required the determination that the Debtor's

copyright infringements in violation of the Preliminary Injunction were "wrongful and without

just cause or excuse." *Ball*, 451 F.3d at 69. *See In re Ahmed*, 359 B.R. at 42 (malice element

satisfied because "the debtor continued to infringe the plaintiff's copyrights in spite of, and

indeed in defiance of numerous warnings").

The Debtor's argument that Section 523(a)(6) does not apply to debts arising from

injuries for which the debtor bears only vicarious liability is based on a general principle that has

been recognized by many courts. *See Davis v. Tomasek (In re Tomasek)*, 175 Fed. Appx. 662,

668 n.4 (5th Cir. 2006); *River View Land Co. v. Bucak (In re Bucak)*, 278 B.R. 488, 496 n.7

(Bankr. W.D. Tenn. 2002); *Deroche v. Miller (In re Miller)*, 196 B.R. 334, 336 (Bankr. E.D. La.

1996); *Giuliano v. Albano (In re Albano)*, 143 B.R. 323, 325 (Bankr. D. Conn. 1992). As the

court stated in *In re Albano*:

> There is nothing in the language or legislative history of § 523(a)(6) to suggest
> that common law notions of vicarious or imputed liability are appended to the
> statutory exceptions to a discharge in bankruptcy. Quite the contrary, application
> of vicarious liability would effectively vitiate the § 523(a)(6) requirement that
> only debts arising from *willful* acts committed by *the debtor* be nondischargeable.

*In re Albano*, 143 B.R. at 325 (emphasis in original).

But the doctrine of vicarious liability cannot shield a debtor from a finding of malice for

purposes of Section 523(a)(6) if the debtor had notice of an injury being inflicted by its agents or

19

employees and could have, but did not, prevent it.  For example, in *Atlantic Recording Corp. v. Chan (In re Chan)*, 325 B.R. 432 (Bankr. N.D. Cal. 2005), the court found that a copyright infringement damages judgment against the chief executive officer of a media company was nondischargeable under Section 523(a)(6) because the debtor controlled the company's operations and, despite being advised of the company's prior infringing acts, did not take steps to prevent the violations.  *In re Chan*, 325 B.R. at 448-49.

As the bankruptcy court observed, "[i]t was wrongful to replicate the discs containing sound recordings protected by copyrights owned by others," and "[a]s the person in a position to control [the company's] activities and who actually exercised control, the Debtor was responsible for [the company's] conduct."  *In re Chan*, 325 B.R. at 449.  *See also Bairstow v. Sullivan (In re Sullivan)*, 198 B.R. 417, 424 (Bankr. D. Mass. 1996) (debtor's failure to prevent his employees from trespassing and cutting down plaintiff's trees was a nondischargeable willful and malicious injury under Section 523(a)(6)).

Here, the District Court found the Debtor "vicariously liable for copyright infringements which occurred at Bobby Music because he had both a direct financial interest in the sale of the copyrighted materials, and a right and ability to supervise the employee responsible for the sales . . . ."  Copyright Summary Judgment Order at *5.  But the District Court also held the Debtor in contempt of the Preliminary Injunction, and awarded $330,000, in damages arising out of that contempt.  Contempt Order at *14.  *See* Copyright Summary Judgment Order at *5.  That contempt damages award, not an award of damages arising out of vicarious liability, is the subject of Yash Raj's Section 523(a)(6) claim.  *See* Yash Raj's Supplemental Memorandum in Support of the Summary Judgment Motion at 7, Adversary Proceeding Docket, Entry 25.  As in

*In re Blankfort*, the District Court's "finding of 'blatant and willful' contempt of court orders by the . . . Debtor, which is binding upon this Court under the doctrine of collateral estoppel, constitutes the type of aggravated misconduct which warrants an imputation of malice within the meaning of section 523(a)(6)." *In re Blankfort*, 217 B.R. at 146.

Based on the entire record, the Court concludes that Yash Raj has demonstrated that each of the elements of collateral estoppel is satisfied with respect to the element of malice under Section 523(a)(6). First, the identical issue of malice, or whether the Debtor's conduct in violating the Preliminary Injunction was wrongful and without just cause or excuse, was raised in a previous proceeding, the Copyright Action. Second, the issue of whether the Debtor's actions were wrongful and without just cause or excuse was actually litigated in the Copyright Action and decided in the Contempt Order. Third, the parties had a full and fair opportunity to litigate the issue in the Copyright Action. Finally, the District Court's finding in the Contempt Order that the Debtor's actions were wrongful and without just cause or excuse was necessary to support its valid and final judgment that the Debtor was in contempt of the Preliminary Injunction and its award of contempt damages corresponding to the maximum statutory damages available under the Copyright Act.

### Conclusion

For all of these reasons and based on the entire record, the Court concludes that there is no genuine issue of material fact that the contempt damages in the amount of $330,000, plus attorneys' fees and costs, awarded against the Debtor by the District Court in the Contempt Order are nondischargeable under Section 523(a)(6), and that Yash Raj is entitled to a judgment as a matter of law. Accordingly, Yash Raj's Summary Judgment Motion is granted and the

21

Debtor's Cross Motion for Summary Judgment is denied.  A separate order in conformity with this Memorandum Decision shall be entered simultaneously herewith.

Dated: Brooklyn, New York
      May __*17*__, 2007

                               ___*S/ Elizabeth S. Stong*_____
                               ELIZABETH S. STONG
                               UNITED STATES BANKRUPTCY JUDGE